**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAMIRO PACHECO MARTINEZ,<br>Petitioner,<br>v.<br>ANDRE QUINONES ET AL,<br>Respondents. | Case No. 5:26-cv-05142-MAR<br>**ORDER GRANTING PETITION AND ORDERING IMMEDIATE RELEASE** |

## I.
## INTRODUCTION

On September 4, 2026, Petitioner **Ramiro Santiago Pacheco Martinez (A# 240-500-216)** ("Petitioner"), an immigration detainee, filed a Verified Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"), challenging his detention in immigration custody. Dkt. 1, ("Pet."). On September 18, 2026, Respondents filed an Answer to the Petition. Dkt. 9, ("Answer"). Petitioner filed a Reply on September 16, 2026 and a Notice of Supplemental Authority on September 29, 2026. Dkts. 10 ("Reply"), 11. The parties have consented to proceed before the undersigned U.S. Magistrate Judge for all purposes. Dkt. 6. **For the reasons set forth below, the Court GRANTS the Petition and orders Respondents to immediately release**

**Petitioner from custody.**

## II.

## FACTUAL BACKGROUND[1]

Petitioner has resided in the United States for approximately twenty years. Pet. at 2. Petitioner is the father of two United States citizen children and a valued member of his community. Id. Petitioner suffers from a life-threatening heart condition. Id. at 1.

On November 13, 2025, ICE arrested and detained Petitioner at a bus stop near his home. Id. at 2. ICE officers did not show him any warrant when arresting him. They did not identify him by name, they did not tell him why he was being arrested, and they did not conduct any assessment as to flight risk. Id. Petitioner has no criminal history in the United States or in any other country. Id. Petitioner was denied bond by an immigration judge. Answer at 2.

## III.

## SUMMARY OF PETITIONER'S CLAIMS

Petitioner claims that his warrantless arrest without probable cause violated 8 U.S.C. §§ 1357 and 8 U.S.C. § 1226(a). Pet. at 29–31. Petitioner also argues that his warrantless arrest and detention violate his Fifth Amendment right to due process and that a post-hoc bond hearing is insufficient to protect his liberty interest. Id. at 31–32. Petitioner seeks immediate release from custody.

Respondents argue that Petitioner has not exhausted available remedies. Answer at 2–3.

---

1 The Court sets forth a summary of the relevant factual background based on the facts alleged in the Petition. Respondents had the opportunity to dispute these facts or provide additional facts, but declined to do so unless noted herein. Dkt. 8. Therefore, the Court considers the following undisputed facts to be conceded for purposes of ruling on the Petition. See C.D. Cal. L.R. 7-12; Carlson v. Landon, 186 F.2d 183, 188 (9th Cir. 1950) (explaining that courts must assume undisputed facts alleged in a habeas petition are true).

## IV.

## LEGAL STANDARD

### A. DUE PROCESS

The Due Process Clause prohibits deprivations of life, liberty, and property without due process of law. See U.S. Const., amend. V. There is no question that these protections extend to noncitizens present in the United States. See, e.g., Trump v. J.G.G., 604 U.S. 670, 673 (2025) (*per curiam*) ("It is well established that the Fifth Amendment entitles aliens to due process of law in the context of removal proceedings." (internal quotation marks omitted)); Zadvydas v. Davis, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."); Hussain v. Rosen, 985 F.3d 634, 642 (9th Cir. 2021) ("The Fifth Amendment entitles aliens to due process of law in deportation proceedings." (internal quotation marks and brackets omitted)). Indeed, "the government's discretion to incarcerate noncitizens is always constrained by the requirements of due process . . . ." Hernandez v. Sessions, 872 F.3d 976, 981 (9th Cir. 2017).

Due process "is a flexible concept that varies with the particular situation." Zinermon v. Burch, 494 U.S. 113, 127 (1990). Indeed, the Due Process Clause provides both procedural and substantive protections. See, e.g., Regino v. Staley, 133 F.4th 951, 959 (9th Cir. 2025) ("This clause protects individuals against two types of government action: violations of substantive due process and procedural due process." (internal quotation marks omitted)). To determine whether detention violates procedural due process, courts frequently apply the three-part test set forth in Mathews v. Eldridge, 424 U.S. 319 (1976). See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022) (collecting cases and applying the Mathews test to a constitutional challenge to detention pursuant to 8 U.S.C. § 1226(a)). Under Matthews, courts weigh the following three factors: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the

procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Mathews, 424 U.S. at 335; see also id. at 332 ("Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment.").

In addition to the procedural protections of the Due Process Clause, "[s]ubstantive due process protects individuals from state action that interferes with fundamental rights." Regino, 133 F.4th at 959-60. Governmental action that infringes a fundamental right is constitutional only if "the infringement is narrowly tailored to serve a compelling state interest." Reno v. Flores, 507 U.S. 292, 302 (1993). By contrast, governmental action that does not infringe a fundamental right survives "substantive-due-process scrutiny so long as [the action is] rationally related to legitimate government interests." Stormans, Inc. v. Wiesman, 794 F.3d 1064, 1085 (9th Cir. 2015) (internal quotation marks omitted). To assess whether there has been a violation of a fundamental right, courts must begin with "a careful description of the asserted fundamental liberty interest." Washington v. Glucksberg, 521 U.S. 702, 721 (1997) (internal quotation marks omitted). With that careful description in mind, courts must then decide whether the asserted interest is "objectively, deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if it was sacrificed." Khachatryan v. Blinken, 4 F.4th 841, 858 (9th Cir. 2021) (internal quotation marks and brackets omitted).

**B. 8 U.S.C. § 1357(a)(2)**

"As a general rule, it is not a crime for a removable alien to remain present in the United States. . . . When an alien is suspected of being removable, a federal official issues an administrative document called a 'Notice to Appear,'" which does not authorize an arrest, but provides information about the proceedings. Arizona v. United

States, 567 U.S. 387, 407 (2012). "The federal statutory structure instructs when it is appropriate to arrest an alien during the removal process." Id. The Immigration and Nationality Act ("INA") provides, "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a) (emphasis added).

"If no federal warrant has been issued, [federal immigration] officers have more limited authority" to arrest noncitizens under 8 U.S.C. § 1357(a). Arizona, 567 U.S. at 408. An immigration officer may arrest a noncitizen without a warrant if the officer "has reason to believe that the alien . . . is in the United States in violation of . . . law or regulation and is likely to escape before a warrant can be obtained for his arrest . . . ." 8 U.S.C. § 1357(a)(2) (emphasis added); see also 8 C.F.R. § 287.8(c)(2)(ii) ("A warrant of arrest shall be obtained except when the designated immigration officer has reason to believe that the person is likely to escape before a warrant can be obtained.").

## V.

## ANALYSIS

Respondents argue that Petitioner has not exhausted administrative remedies. Answer at 2–3. However, in the context of a habeas petition, administrative exhaustion is merely prudential, and not mandatory. See Y.S.G. v. Andrews, 2025 WL 2979309, at *7 (E.D. Cal. Oct. 22, 2025) ("The federal habeas statute under which this case was filed does not require exhaustion of administrative remedies."). Indeed, the exhaustion requirement may be waived "where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004) (internal quotation marks omitted). Petitioner bears the burden of showing that an excuse for exhaustion applies. See Leonardo v. Crawford, 646 F.3d 1157, 1161 (9th Cir. 2011).

Here, the Court concludes that Petitioner has met his burden to show that he will suffer irreparable harm by being required to exhaust administrative remedies before

being permitted to seek relief in federal court. See, e.g., Rodriguez Cabrera v. Mattos, 808 F. Supp. 3d 1159, 1176 (D. Nev. 2025) ("Moreover, requiring Petitioner to be subjected to unlawful detention pending the BIA's decision would cause irreparable harm, which is a separate and independent basis to waive exhaustion under Laing."); Doe v. Becerra, 787 F. Supp. 3d 1083, 1095 (E.D. Cal. 2025) ("This violation of Petitioner's due process rights is sufficient to satisfy the irreparable harm requirement."); Y.S.G., 2025 WL 2979309, at *7 ("[P]etitioner has adequately demonstrated that irreparable injury will result if he has to await the outcome of his BIA appeal."). Specifically, Petitioner has demonstrated irreparable harm based on the fact that he has now been detained at the Adelanto ICE Processing Center for more than twelve months (since November 2025). During that time, Petitioner has had multiple emergency hospitalizations related to his heart condition. Thus, the Court concludes that Petitioner has satisfied his burden to show that he will suffer irreparable harm. See Ligario Hernandez v. Mullin, 2026 WL 846037, at *8 (C.D. Cal. Mar. 24, 2026) ("[R]equiring Petitioner to be detained in alleged violation of his constitutional right to due process, pending the BIA's decision would cause irreparable harm, which alone provides a sufficient basis to waive exhaustion under Laing. Respondents' argument to the contrary merely asserts, without citation to authority, that continued detention does not constitute irreparable harm." (citation omitted)).

Respondents do not address Petitioner's argument under 8 U.S.C. § 1357(a). See Answer. Respondents do not dispute Petitioner's allegation that he was not served with a proper warrant and have submitted nothing to indicate that Respondents had a warrant for Petitioner's arrest or that there was reason to believe that Petitioner was likely to escape before a warrant could be obtained. Id. Based on the above, the Court finds that Respondents have not sufficiently rebutted Petitioner's claim that he was arrested without a valid warrant. Further, Respondents do not make a showing that Petitioner was likely to escape before a warrant could be obtained, and there is no basis on this record for the Court to infer likelihood of escape before a warrant could be

obtained.

Finally, the absence of opposition to Petitioner's 8 U.S.C. § 1357(a)(2) claim itself is a basis to grant the Petition. See Soleimani v. Larose, No.: 25- cv-3082-DMS-DEB, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's answer to the petition did not respond to all claims in the petition, including a Fifth Amendment due process claim); Singh v. Chiang, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession). Based on this record, the Court concludes that Petitioner is entitled to relief based on his claim under 8 U.S.C. § 1357(a)(2) and orders release, as other courts in this district have done. See Rivera v. Mullin, et al., No. CV 26-04197-KES, 2026 WL 2276935 at *3 (C.D. Cal. Aug. 6, 2026); Yanez v. Johnson, et al., No. CV 26-03518-SRM (ACCV), 2026 WL 2121260 at *2 (C.D. Cal. July 16, 2026); Perdomo Rivera v. Mullin, No. CV 26-04197-KES, 2026 WL 2276935 (C.D. Cal. Aug. 6, 2026); Petrashkevich v. Mullin, No. CV 26-04223-PD, 2026 WL 2337897 (C.D. Cal. Aug. 12, 2026); Domingo v. Kaiser, No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner[†] received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion; that is, his potentially erroneous detention.").

Moreover, the Court concludes that due process requires notice and a pre-deprivation hearing before Petitioner may be re-detained.[2] See, e.g., Ixchop Perez v.

---

2 Petitioner has a substantial liberty interest in remaining free from detention which must be considered under the first Matthews factor. See, e.g., Tinoco v. Noem, 2025 WL 3567862, at *6 (E.D. Cal. Dec. 14, 2025) ("The length of time and the connections Petitioner made with his community during that time create a powerful interest for Petitioner in his continued liberty.") Under the second Matthews factor, the risk of erroneous deprivation is high because Petitioner was arrested without the service of a valid warrant or showing of exigent circumstances. Further, a post-hoc bond hearing cannot support continued detention when the underlying arrest was invalid. See Orellana, Rivera v. J. Johnson, 2026 WL 1390433, at *1 & n.2 (C.D. Cal. May 14, 2026). Finally, under the third Matthews factor, the Government's interest in detaining Petitioner without a pre-deprivation hearing is very low

(cont'd . . .)

McAleenan, 435 F. Supp. 3d 1055, 1062 (N.D. Cal. 2020), appeal dismissed sub nom. Perez v. McAleenan, 2020 WL 8970669 (9th Cir. Dec. 4, 2020) ("Accordingly, this court will join the consensus view among District Courts concluding that…where…the government seeks to detain an alien pending removal proceedings, it bears the burden of proving that such detention is justified." (internal quotation marks omitted)). Specifically, the Court concludes that Respondents must show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community and that no condition or combination of conditions could reasonably assure Petitioner's future appearance and/or the safety of the community. See, e.g., Mourey, 2026 WL 467567, at *6 ("If the Government seeks to re-detain Petitioner, he must be provided some kind of hearing before the state deprives him of his liberty. Further, such hearing must be before a neutral arbiter in which the Government bears the burden of providing by clear and convincing evidence that Petitioner is a flight risk or danger to the community." (internal quotation marks, brackets, and citation omitted)); Carballo, 2025 WL 2381464, at *8 ("On balance, the Mathews factors show that petitioner is entitled to a bond hearing where the government must prove by clear and convincing evidence that he is presently a flight risk or danger to the community.").

A permanent injunction may be entered, at the discretion of the Court, where the movant shows "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391, (2006). The Court finds that Petitioner has made such a showing here. Petitioner has suffered an irreparable injury by being detained in violation of the INA and his due process rights, and would again if Respondents repeat such

---

because a bond hearing is routine and can be easily provided. See Carballo v. Andrews, 2025 WL 2381464, at *8 (E.D. Cal. Aug. 15, 2025).

conduct. Legal remedies such as damages would be inadequate to cure the unconstitutional deprivation of liberty. And the balance of hardships and public interest in merely requiring Respondents to provide basic due process in the event they seek to re-detain Petitioner, versus forcing Petitioner again to suffer detention and file a habeas petition to secure his release, favor the imposition of a limited injunction against future re-detention without notice and a pre-deprivation hearing.[3]

Thus, the Court concludes that Petitioner has made a sufficient showing under the eBay Inc. factors to justify a limited permanent injunction targeted at the specific harms presented in this case. See, e.g., Huy Cu v. Marin, 2026 WL 1427009, at *1-3 (C.D. Cal. May 21, 2026) (rejecting objections that prospective injunctive relief is inappropriate in the context of an immigration habeas petition); Araujo-Contreras v. Janecka, 2026 WL 1625368, at *1-4 (C.D. Cal. June 3, 2026) (rejecting objections to permanent injunctive relief requiring a pre-deprivation hearing before re-detention in the context of an immigration habeas petition finding a violation of the petitioner's procedural due process rights).

## VI.

## ORDER

Based on the foregoing, the Court **GRANTS** the Petition as follows. Respondents shall immediately release Petitioner **Ramiro Santiago Pacheco Martinez (A# 240-500-216)** from custody (subject only to conditions that were in place prior to his detention, if any) and return any confiscated property and documents to Petitioner upon release. Respondents shall not re-detain Petitioner pursuant to 8 U.S.C. § 1226 without providing at least seven (7) days' notice and a pre-deprivation bond hearing. The pre-deprivation bond hearing shall occur before an Immigration Judge at which the Government bears the burden of proof to show by clear and

---

3 Where the party opposing injunctive relief is the government, "the third and fourth factors—the balance of equities and the public interest—merge." Garcia v. County of Alameda, 150 F.4th 1224, 1234 (9th Cir. 2025) (internal quotations omitted).

convincing evidence that Petitioner is a flight risk or a danger to the community and that no condition or combination of conditions could reasonably assure Petitioner's future appearance and/or the safety of the community. The Immigration Judge must conduct an individualized assessment of Petitioner's suitability for bond in light of the foregoing standard. Respondents shall file a notice of compliance within twenty-four hours.

IT IS SO ORDERED.

DATED: November 9, 2026

HON. MARGO A. ROCCONI
UNITED STATES MAGISTRATE JUDGE